BROOKS and KENDLE *vs.* LEWIS and others.

On bills to restrain the execution of process or the performance of official acts the sheriff is made a party, as the design of the injunction is to restrain him from acting; but where no relief is prayed, and no decree asked against the officer, it is not necessary, nor usually expedient, for the sheriff to answer.

*S. A. Allen,* for defendants, in support of motion.

*J. Mulford* and *J. Wilson,* contra.

THE CHANCELLOR. The injunction in this cause issued to restrain the sheriff of the county of Salem from delivering a deed to one of the defendants, in pursuance of a sale made by him by virtue of a writ of *fieri facias* issued out of the court for the sale of mortgaged premises. The material allegations of the bill which induced the allowance of the injunction are—that there were but few persons present at the sale; that the terms of sale were unusual and hard; that the property was cried on the last bid for a very short time, and was struck off without a fair opportunity of further bidding; that the property was sold at a great undervalue, and that a person was present at the sale prepared to bid $500 more for the property than the price at which it was struck off, and has since the sale offered that advance, which was refused by the purchaser, who asked $7000 for the property, and refused to sell it for less than that sum.

The injunction was granted upon the ground that the sale was unfairly conducted; that the property was struck off at an undervalue without a fair opportunity afforded for further bidding, and that the facts warranted the belief that a higher price would be realized upon a resale.

All the material charges of the bill are explicitly and fully denied by the answers of the defendants. As the

case now stands upon the answers, there is no ground whatever for the continuance of the injunction.

An answer is filed by the sheriff. This was unnecesary. In all bills to restrain the execution of process or the performance of official acts the sheriff is made a party, as the design of the injunction is to restrain him from acting, and the writ is directed to him. But usually no relief is prayed and no decree asked against the officer. Though he is at liberty to answer, and in some cases it may be proper for him to do so, yet it is not necessary, nor usually expedient. The sheriff has no interest in the controversy; his rights are not to be affected by it, and it is not proper that he should be put to answer or subjected to expense in a controversy in which his official acts alone are called in question at the instance of third parties. If the sheriff's statement is deemed material for the interests of the defendants, it may be appended as an affidavit to the answer, to be used on the motion to dissolve, or his testimony may be taken by leave of the court in the progress of the cause.

The injunction is dissolved with costs.